UNITED STATES of America,

v.

Margarita CANALES, Defendant.

No. 09 CR 0976(VM).

United States District Court,
S.D. New York.

June 7, 2010.

Jason Peter Hernandez, U.S. Attorney's Office, New York, NY, for Plaintiff.

Gregory S. Watts, Law Office of Gregory S. Watts, Brooklyn, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Margarita Canales ("Canales") is charged with conspiring to throw away non-waste mail, and throwing away non-waste mail, in violation of the federal postal service laws. In connection with the scheduled trial in this matter, the Government moves *in limine* to allow certain evidence of other crimes and wrongs to be admitted as direct evidence and as similar acts evidence against Canales pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"). The Government moves to admit certain testimony of Manhattanville Station Post Office ("Manhattanville") employees Luz Rios ("Rios"), Sheryl Frazier ("Frazier"), and Oly Osorio ("Osorio").

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts," while not admissible to prove bad character or propensity, may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Fed.R.Evid. 404(b).

The Government represents that Rios will testify that "about two months prior" to the dumping incident alleged in the Indictment, Canales instructed Rios to "get rid" of business reply mail that had accumulated at Manhattanville; that Frazier will testify that Canales instructed her and other postal employees to throw away non-waste mail on several occasions; and that Osorio will testify that Canales told her and others to get rid of and hide mail. (Government's Motion In *Limine* to Admit Certain Evidence under Rule 404(b), dated May 28, 2010 ("Government's Motion"), at 2.)

The Government states that it intends to offer this evidence in its case-in-chief to demonstrate (1) Canales's state of mind, intent and knowledge; (2) the absence of mistake or accident; (3) the existence of the charged conspiracy; (4) the complete story of the crime charged; and (5) Canales's *modus operandi.* In addition, the Government moves to admit this evidence for the purpose of explaining the background of the conspiracy and the relationship between the co-conspirators.

Canales objects to the Government's request, arguing that the Government has failed to specify when in relation to the charged crime the other wrongs or acts at issue here occurred. Because the Government has failed to provide specificity in dates, location, and time of occurrence, Canales argues that the Court cannot find the evidence relevant, nor can she adequately prepare and defend the proffered evidence. In addition, Canales argues that the evidence should be excluded because there is nothing unique or distinct about the acts at issue here that would require the Government to prove *modus operandi* based on other acts. Finally, Canales argues that the proffered evidence, if accepted as fact, tends to show propensity, rather than motive, absence of mistake, or another admissible purpose, and thus will unduly prejudice her defense.

■ Having reviewed the parties' arguments and the proffered evidence at issue, the Court finds that the testimony regarding prior acts is admissible as direct evidence of the charged conspiracy. The Court is persuaded that the proffered testimony of Rios, Frazier, and Osorio is admissible for the purpose of explaining the background of the alleged conspiracy and to attempt to complete the story of the crime charged. *See United States v. Inserra,* 34 F.3d 83, 89 (2d Cir.1994) ("[E]vidence of other bad acts may be admitted to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense...."); *United States v. Rosa,* 11 F.3d 315, 333–34 (2d Cir.1993) ("[I]t is within the court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed...."). As noted by the Government, prior bad acts may be admitted where they are "inextricably intertwined" with the evidence regarding the charged offense. *E.g., United States v. Gonzalez,* 110 F.3d 936, 942 (2d Cir.1997). The Court finds that testimony regarding prior instances of mishandling of the mail is sufficiently intertwined with evidence regarding the charged offense to be probative of the existence of the conspiracy, including the relationship, if any, between Canales and her alleged co-conspirators.

That Canales allegedly asked Manhattanville employees to get rid of mail on prior occasions is also probative of whether Canales's actions on or about April 2, 2009 were the result of a mistake or culpable conduct. The proffered testimony is relevant to whether Canales's participation in the alleged testimony was knowing and

willful, and is probative of whether an overt act was made in furtherance of an objective of the conspiracy.

■ Canales argues that the Government's proffer is too vague for the Court to determine whether the evidence is admissible under Rule 404(b). It is true that courts require the Government to identify specifics regarding other acts, crimes, or wrongs where the proffered evidence is too vague to determine whether it is relevant or probative of the charged conduct. *See, e.g., United States v. Townsend,* No. 06 Cr. 34, 2007 WL 1288597, at *6 (S.D.N.Y. May 1, 2007). But Rule 404(b) requires only "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the *general nature* of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b) (emphasis added); *see also United States v. Kevin,* No. 97 Cr. 763, 1999 WL 194749, at *13 (S.D.N.Y. Apr. 7, 1999). Here, the Government has provided sufficient information to establish the relevance and probative value of the proffered testimony. The Government provided notice to Canales of the Manhattanville employees who are likely to testify, including Frazier, Osorio, and Rios, several weeks before the motion at issue here, and nearly a month before trial. Specifically, the Government indicated that Frazier would likely testify that prior to April 2, 2009 Canales asked her and others to throw away mail. In addition, in the instant motion, the Government has identified the approximate time frame of one of the prior acts, indicating that Rios will testify about an allegedly bad act that occurred about two months prior to the charged conduct. In its motion, the Government has also provided further detail regarding the alleged wrongdoing that will be the subject of Frazier and Osorio's testimony. As a result, the Court finds that the Government has provided Canales reasonable notice of the general nature of the Rule 404(b) evidence it intends to introduce at trial.

Canales further argues that the proffered testimony tends to show propensity and is thus unduly prejudicial. However, the Court finds that the probative value of the evidence is not substantially outweighed by potential prejudice, as the uncharged conduct is not any more inflammatory or sensational than the charged crime. *See United States v. Baez,* 349 F.3d 90, 93–94 (2d Cir.2003); *United States v. Roldan–Zapata,* 916 F.2d 795, 804 (2d Cir.1990) (evidence admitted was not unfairly prejudicial because it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged...."). As described above, the Court finds that the proffered testimony is admissible for several purposes other than to show Canales's criminal propensity. The evidence here is thus relevant, and the Court finds that it will not unduly prejudice Canales. ·

Accordingly, the Government's motion *in limine* to admit Frazier, Rios, and Osorio's testimony regarding other acts and wrongs committed by Canales is **GRANTED.** The Court notes that Frazier, Rios, and Osorio may testify only as to matters of which they have personal knowledge. In addition, the Court notes that it will include a limiting instruction regarding the Rule 404(b) evidence in its charge to the jury.

**SO ORDERED.**